[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT (#115)
The sole issue before the court is whether the plaintiff complied with CT Page 9809 the provisions of the Retail Instalment Sales Financing Act (RISFA), General Statutes § 36a-770 et seq., thereby entitling it to recover a deficiency, pursuant to § 36a-785 (g).
"Since RISFA is a remedial statute, [the court] must construe it liberally in order to implement its consumer protection policies." BarcoAuto Leasing Corp. v. House, 202 Conn. 106, 116, 520 A.2d 162 (1987). "In consumer transactions, strict compliance with statutory provisions that prescribe the informational content of retail instalment contracts is mandatory and is not excused by inadvertence." Gaynor v. Union TrustCo., 216 Conn. 458, 475, 582 A.2d 190 (1990).
In the present case, the defendant affirms that she did not receive either written notice of the time and place of the public sale, pursuant to § 36a-785 (d), or a written statement itemizing the disposition of the proceeds, pursuant to § 36a-785 (e). Conversely, Robert Giusti, the plaintiffs vice-president, affirms that both a written notice of the place and date of the public sale and the statement of the disposition of the proceeds was sent to the defendant. The parties also dispute the fair market value of the motor vehicle, pursuant to § 36a-785 (g). Because there are genuine issues of material fact as to the fair market value of the motor vehicle and as to whether the plaintiff complied with §36a-785 (d) and (e), the motion for partial summary judgment as to the plaintiffs second amended complaint is denied.
Moreover, because there is a genuine issue of material fact as to whether the plaintiff has complied with the provisions of RISFA, the defendant's motion for partial summary. judgment as to the first and second counts of her counterclaim is denied.
Based upon the foregoing, the motion for partial summary judgment as to the plaintiffs second amended complaint and counts one and two of the defendant's counterclaim is denied.
JOHN W. MORAN, JUDGE